# In the United States Court of Federal Claims

No. 20-261C
(Filed: June 17, 2020)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                 *
REBECCA GALLOGLY,                                *
                                                 *
            Plaintiff,                           *
                                                 *
        v.                                       *
                                                 *
THE UNITED STATES,                               *
                                                 *
            Defendant.                           *
                                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER OF DISMISSAL

**WILLIAMS**, Senior Judge.

This matter comes before the Court on Defendant's motion to dismiss for lack of subject-matter jurisdiction or, in the alternative, failure to state a claim upon which relief may be granted. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

Plaintiff pro se Dr. Rebecca Gallogly is a resident of Texas. Compl. at 290. From 2006 until her involuntary separation in May 2009, Plaintiff was a postdoctoral fellow at the University of Texas at Austin ("the University"). Compl. ¶¶ 8, 16. During her fellowship, two different faculty members, Dr. Jones and Dr. Golding, terminated their sponsorship of Plaintiff. Compl. ¶¶ 115, 184. As a result of her lack of sponsorship, in October 2009 Plaintiff lost an award from the National Institutes of Health (NIH) which assisted with her living expenses. See Compl. ¶¶ 14-15, 225.

On March 4, 2020, Plaintiff filed suit in this Court. See ECF No. 1. In her nearly 300-page complaint, Plaintiff raises a multitude of claims relating to her fellowship at the University. See generally Compl. Defendants include the United States, the United States Attorney's Office for the Western District of Texas, the University of Texas System, the University of Texas at

---

[1]   This background is derived from the complaint, Defendant's motion to dismiss, and related filings.

Austin, the University of Texas Police Department, the Texas State Bar, the United States Department of Health and Human Services, and the United States Department of Education's Office for Civil Rights.  Compl. ¶¶ 53-61.  Among many other grievances, Plaintiff alleges that Defendants have "severely and pervasively deprived [Plaintiff] of her Fourth, Fifth, and Fourteenth Amendment rights to freedom from unreasonable seizure, and to due process and equal protection."  Compl. ¶ 44.  Plaintiff alleges claims under 42 U.S.C. § 1983, 18 U.S.C. § 241 ("conspiracy against rights"), 18 U.S.C. § 242 ("deprivation of rights under color of law"), and 18 U.S.C. § 245 ("federally protected activities"), as well as violations of her "rights as a female postdoctoral fellow," and of Plaintiff's "international civil and human rights protected by the United Nations."  Compl. ¶¶ 6, 45.  Plaintiff claims she has experienced "severe loss of reputation and loss of liberty to work in her chosen vocation," as well as deprivation of her right to "protection from unemployment," and right to "freedom from degrading treatment."  Compl. ¶¶ 47, 49.  Plaintiff alleges that the "unrelenting, global lack of dignity" she has experienced "due to severe and pervasive failure of her government . . . fits the definition of torture" in the United Nations Convention Against Torture.  Compl. ¶ 51.

Plaintiff accuses NIH, the University, the United States Department of Health and Human Services, and the United States Department of Education's Office for Civil Rights of violations of Title IX, equal protection, and due process, as well as various instances of gender discrimination, "psychological abuse," fraud, and conspiracy.  Compl. ¶¶ 17, 22, 46-49, 141, 226, 229, 243-44, 251-52, 470, 495, 613.  Plaintiff accuses the University of Texas Police Department of Fourth Amendment violations relating to her August 2015 arrest and charge for criminal trespass when Plaintiff entered the Office of the President of the University "to peaceably attempt to make an appointment to seek due process."  Compl. ¶¶ 584-90.  Plaintiff alleges that the Texas State Bar is liable for inappropriately dismissing Plaintiff's complaint about University counsel and for the allegedly deficient and "fraudulent" performance of Texas-barred lawyers who did not suggest or pursue Plaintiff's preferred legal theories, spoke to her "adversarially," "attempt[ted] to convince [Plaintiff] she had no case," and otherwise declined to represent her.  Compl. at 144 ¶¶ 689-94, 703-16, 725, 1141-68.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court.  Reynolds v. Army v. Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).  The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking.  Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007).  The court assumes all factual allegations as true and will construe the complaint in a manner most favorable to the plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1).  Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'"  Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence.  Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff "must identify a separate source of substantive law that creates the right to money damages." Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) (internal citation and quotation marks omitted). "[The] claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400).

Plaintiff's complaint fails to state a claim that is within this Court's jurisdiction. The only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941); Anderson v. United States, 117 Fed. Cl. 330, 331 (2014) (stating that the Court of Federal Claims "does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself"). Thus, the Court lacks jurisdiction to hear Plaintiff's claims against parties other than the United States.

The Court also lacks jurisdiction to hear Plaintiff's search and seizure, due process, equal protection, and discrimination claims. See LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Court of Federal Claims has no jurisdiction to hear claims brought under the "Due Process Clauses of the Fifth and Fourteenth Amendments [and] the Equal Protection Clause of the Fourteenth Amendment" because these provisions "do not mandate payment of money by the government"); LaChance v. United States, 15 Cl. Ct. 127, 130 (1988) (stating that the Fourth Amendment is not a money-mandating provision); Sanders v. United States, 34 Fed. Cl. 75, 80 (1995), aff'd, 104 F.3d 376 (Fed. Cir. 1996) (holding that the Court of Federal Claims "does not have jurisdiction to entertain general civil rights claims that are not based upon an appropriate money-mandating provision"). Additionally, this Court lacks jurisdiction over Plaintiff's claims alleging criminal conduct, or seeking review of agency action pursuant to 5 U.S.C. § 702. Faulkner v. United States, 43 Fed. Cl. 54, 55 (1999) ("The APA entitles a person who is aggrieved by the action of a federal agency to bring suit against the United States in federal district court . . . [h]ence, the APA may not form the basis for jurisdiction in the Court of Federal Claims"); Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994) (holding that the Court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code").

This Court lacks jurisdiction over alleged violations of international treaties or other agreements, or international law. 28 U.S.C. § 1502 (2016) ("[T]he United States Court of Federal Claims shall not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations."); Pikulin v. United States, 97 Fed. Cl. 71, 77-78 (2011) (finding that generally, "multinational agreements do not create enforceable obligations"); Gimbernat v. United States, 84 Fed. Cl. 350, 354 (2008) (holding that the Court of Federal Claims lacks jurisdiction over claims arising under the Universal Declaration of Human Rights); Miller v. United States, 67 Fed. Cl. 195, 200 (2005) (The Court of Federal Claims lacks

jurisdiction over claims under the International Covenant on Civil and Political Rights).  Finally, to the extent Plaintiff has alleged fraud, negligence, loss of reputation, or similar claims of degrading treatment, such claims sound in tort and this Court lacks jurisdiction to entertain them. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008).

## Conclusion

Defendant's motion to dismiss for lack of jurisdiction is **GRANTED**.[2]

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**

---

[2] As the Court grants Defendant's motion to dismiss, Plaintiff's other pending motions, styled "Corrected Motion to Clarify and Reconsider Motions Denials" and "Motion to Serve Parties" are denied as moot.  See ECF Nos. 22, 23.